People v Maynor (2022 NY Slip Op 01663)





People v Maynor


2022 NY Slip Op 01663


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.


175 KA 20-01642

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD MAYNOR, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (TYLER BUGDEN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered November 18, 2020. The judgment convicted defendant upon a plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [1]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. As the People correctly concede, County Court provided defendant with erroneous information about the scope of the waiver of the right to appeal, therefore we conclude that the colloquy was insufficient to ensure that defendant's waiver of the right to appeal was voluntary, knowing, and intelligent (see People v Thomas, 34 NY3d 545, 564-568 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Contrary to defendant's contention, however, the sentence is not unduly harsh or severe.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court